


**The Law offices of Barry Feinstein\* And Affiliates\*\* P.C.**

FOR OVER 25 YEARS FIGHTING
THE BIG INSURANCE COMPANIES

AFFILIATED OFFICES THROUGHOUT NEW ENGLAND†

February 23, 2021

CERTIFIED MAIL # 7019 2280 0001 7391 3256
Return Receipt Requested
Restricted Delivery

To the President, Treasurer, Clerk, Cashier, Secretary,
Agent or Other Person in Charge of the Business of
Sedgwick CMS
P.O. Box 14436
Lexington, KY 40512-4436

Re: **Jane Larcom vs. Dollar Tree Stores, Inc.**
**Tormax Technologies, Dayton Hudson Corporation**
**c/o Target Corporation and Sedgwick Claims Management**
**Essex Superior Court, C.A. Number: 2177CV00155B**

Dear Sir or Madam:

Enclosed please find a Summons, Civil Tracking Order and a copy of a Complaint, the original of which has been filed in Court.

Pursuant to the provisions of General Laws of Massachusetts, Chapter 223A, this notice and enclosures constitute service of process upon said corporation.

You should give this matter your immediate attention by either referring it to your attorney or, if you are insured, to your insurance company.

Your attention is specifically directed to the requirement of the necessity of filing an answer within twenty (20) days of the service of the Summons upon you.

Very truly yours,
Attorney for the Plaintiff,

Barry A. Feinstein, Esquire
BARRY FEINSTEIN & AFFILIATES, P.C.
100 Lowell Street, P.O. Box 6049
Peabody, MA 01960

---

THE LAW OFFICES OF BARRY FEINSTEIN & AFFILIATES, P.C. • P.O. BOX 6049, 100 LOWELL STREET, PEABODY, MA 01960
Phone: (978) 531-7450 • Toll Free: (800) 262-9200 • FAX: (978) 531 7123 • Email: barry@barryfeinstein.com • www.barryfeinstein.com
\*Licensed in Massachusetts only  \*\*Affiliated Offices Throughout Massachusetts  † Affiliated Partners in ME, NH, CT and RI

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2177CV00155B

Jane Larcom ..................................................................................................., Plaintiff(s)

v.

Dollar Tree Stores, Inc., Tormax Technologies, Dayton Hudson Corporation c/o Target Corporation and Sedgwick Claims Management ..................................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant: Sedgwick Claims Management

You are hereby summoned and required to serve upon Barry A. Feinstein, plaintiff's attorney, whose address is 100 Lowell Street, Peabody, MA 01960, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                                    , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated: _____, 20___.  _____

N.B. TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

| , 20 . |
|---|

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

v.

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2177CV00155 B | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Larcom, Jane vs. Dollar Tree Stores, Inc. et al | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Sedgwick Management Services, Inc. No addresses available , | | COURT NAME & ADDRESS Essex County Superior Court - Newburyport 145 High Street Newburyport, MA 01950 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                              **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/17/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 06/16/2021 | |
| All motions under MRCP 12, 19, and 20 | 06/16/2021 | 07/16/2021 | 08/16/2021 |
| All motions under MRCP 15 | 06/16/2021 | 07/16/2021 | 08/16/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 12/13/2021 | | |
| All motions under MRCP 56 | 01/12/2022 | 02/11/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/13/2022 |
| Case shall be resolved and judgment shall issue by | | | 02/16/2023 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 02/19/2021 | Anne Mitchell | (978)462-4474 |

Date/Time Printed: 02-19-2021 14:41:46                                                                 SCV0261 08/2018

3/5/2021 12:00:00 AM          30205798768001          5120210305075640

**The Law offices of Barry Feinstein* And Affiliates** P.C.**

**FOR OVER 25 YEARS FIGHTING THE BIG INSURANCE COMPANIES**

AFFILIATED OFFICES THROUGHOUT NEW ENGLAND†

February 10, 2021

Clerk of the Court, Civil
Essex Superior Court
56 Federal Street
Salem, MA 01970

Re: <u>Jane Larcom vs. Dollar Tree Stores, Inc.
Tormax Technologies, Dayton Hudson Corporation
c/o Target Corporation and Sedgwick Claims Management
Essex Superior Court, C.A. Number:</u>

Dear Sir or Ms:

Please find the following for filing in the above-referenced action:

1. Plaintiff's Complaint and Jury Trial Demand.

2. Civil Action Cover Sheet;

3. Counsel Certification;

4. Check in the amount of $300.00 for filing fee and four (4) Summonses.

It is requested that you please notify this office on the Civil Action No. that has been assigned to this case.

Very truly yours,

THE LAW OFFICES OF
BARRY FEINSTEIN & AFFILIATES, P.C.

Barry A. Feinstein, Esquire

BAF/ts
encs.

FILED ESSEX SUPERIOR COURT 2021 FEB 16 P 2: 05

---

THE LAW OFFICES OF BARRY FEINSTEIN & AFFILIATES, P.C. • P.O. BOX 6049, 100 LOWELL STREET, PEABODY, MA 01960
Phone: (978) 531-7450 • Toll Free: (800) 262-9200 • FAX: (978) 531-7197 • Email: barry@barryfeinstein.com

# COMMONWEALTH OF MASSACHUSETTS

Essex, ss.

ESSEX SUPERIOR COURT
C. A. No. 2177CV00155
B

JANE LARCOM

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,
TORMAX TECHNOLOGIES, DAYTON HUDSON CORPORATION
c/o TARGET CORPORATION and SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

    Defendants.

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties

1. The Plaintiff, Jane Larcom is an adult individual residing in Beverly, Essex County, Massachusetts.

2. The Defendant, Dollar Tree Stores, Inc. is a corporation doing business within the Commonwealth of Massachusetts with a principal place of business in Danvers, Essex County, Massachusetts.

3. The Defendant, Tormax Technologies is a corporation doing business within the Commonwealth of Massachusetts with a principal place of business in San Antonio, Texas.

4. The Defendant, Dayton Hudson Corporation c/o Target Corporation is a corporation doing business within the Commonwealth of Massachusetts with a principal place of business in Minneapolis, MN.

1

FILED ESSEX SUPERIOR COURT 2021 FEB 16 P 2:05

THE LAW OFFICES OF
BARRY FEINSTEIN
& AFFILIATES, P.C.
100 LOWELL STREET
P.O. BOX 6049
PEABODY, MA 01961-6049

(978) 531-7450

5. The Defendant, Sedgwick Claims Management Services, Inc. is an insurance company doing business within the Commonwealth of Massachusetts with a principal place of business in Lexington, Kentucky.

## COUNT I NEGLIGENCE vs. DOLLAR TREE STORES, INC.

6. At all times relevant to this Complaint, including on July 31, 2020 the Defendant, Dollar Tree Stores, Inc., controlled, managed, operated and was legally responsible for the condition of the property located at 230 Independence Way, Danvers, Essex County, Massachusetts ("the PREMISES").

7. At all times relevant to this Complaint, including on July 31, 2020, the Plaintiff, Jane Larcom was in the exercise of all due care to ensure her safety and the safety of others.

8. As a direct and proximate result of the Defendant, Dollar Tree Stores, Inc's negligence the plaintiff, Jane Larcom suffered, continued to suffer and will suffer in the future, personal injuries causing her to endure continued medical care and treatment and emotional and physical pain and suffering, out-of-pocket expenses, including, but not limited to, medical expenses and loss of enjoyment of life.

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Dollar Tree Stores, Inc. in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including cost of this action, a reasonable attorney's fee and such other relief as this Court may deem just

## COUNT II BREACH OF EXPRESS WARRANTY v. DOLLAR TREE STORES, INC.

9. The Plaintiff, Jane Larcom repeats and realleges each of the allegations of paragraphs 1 through 8 hereof, and incorporates same as part of this count.

10. As a direct, proximate and foreseeable result of the Defendant, Dollar Tree Stores, Inc's breach of express warranty in the said accident on July 31, 2020, the Plaintiff, Jane Larcom suffered, continues to suffer, and will suffer in the future, personal injuries causing her to endure continued medical care and treatment, emotional and physical pain and suffering, medical expenses; and loss of enjoyment of life.

THE LAW OFFICES OF
BARRY FEINSTEIN
& AFFILIATES, P.C.
100 LOWELL STREET
P.O. BOX 6049
PEABODY, MA 01961-6049

(978) 531-7450

3/5/2021 12:00:00 AM          302057987680001          5120210305075640

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Dollar Tree Stores, Inc. in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including costs of this action, a reasonable attorney's fee and such other relief as this Court may deem just.

### COUNT III BREACH OF IMPLIED WARRANTY v. DOLLAR TREE STORES, INC.

11. The Plaintiff, Jane Larcom repeats and realleges each of the allegations of paragraphs 1 through 10 hereof, and incorporates same as part of this count.

12. As a direct, proximate and foreseeable result of the Defendant, Dollar Tree Stores, Inc's breach of implied warranty in the said accident on July 31, 2020, the Plaintiff, Jane Larcom suffered, continues to suffer, and will suffer in the future, personal injuries causing her to endure continued medical care and treatment, emotional and physical pain and suffering, medical expenses; and loss of enjoyment of life.

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Dollar Tree Stores, Inc. in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including costs of this action, a reasonable attorney's fee and such other relief as this Court may deem just.

### COUNT IV NEGLIGENCE vs. TORMAX TECHNOLOGIES

13. The Plaintiff, Jane Larcom repeats and realleges each of the allegations of paragraphs 1 through 12 hereof, and incorporates same as part of this count.

14. At all times relevant to this Complaint, including on July 31, 2020 the Defendant, Tormax Technologies controlled, managed and operated the automated door and was legally responsible for the condition of said automated door located at 230 Independence Way, Danvers, Essex County, Massachusetts ("the PREMISES").

15. At all times relevant to this Complaint, including on July 31, 2020, the Plaintiff, Jane Larcom was in the exercise of all due care to ensure her safety and the safety of others.

THE LAW OFFICES OF
BARRY FEINSTEIN
& AFFILIATES, P.C.
100 LOWELL STREET
P.O. BOX 6049
PEABODY, MA 01961-6049

(978) 531-7450

3/5/2021 12:00:00 AM          30205798768001          5120210305075640

16. As a direct and proximate result of the Defendant, Tormax Technologies' negligence the plaintiff, Jane Larcom suffered, continued to suffer and will suffer in the future, personal injuries causing her to endure continued medical care and treatment and emotional and physical pain and suffering, out-of-pocket expenses, including, but not limited to, medical expenses and loss of enjoyment of life.

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Tormax Technologies in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including costs of this action, a reasonable attorney's fee and such other relief as this Court may deem just.

**COUNT V BREACH OF EXPRESS WARRANTY v. TORMAX TECHNOLOGIES**

17. The Plaintiff, Jane Larcom repeats and realleges each of the allegations of paragraphs 1 through 16 hereof, and incorporates same as part of this count.

18. As a direct, proximate and foreseeable result of the Defendant, Tormax Technologies breach of express warranty in the said accident on July 31, 2020, the Plaintiff, Jane Larcom suffered, continues to suffer, and will suffer in the future, personal injuries causing her to endure continued medical care and treatment, emotional and physical pain and suffering, medical expenses; and loss of enjoyment of life.

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Tormax Technologies in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including costs of this action, a reasonable attorney's fee and such other relief as this Court may deem just.

**COUNT VI BREACH OF IMPLIED WARRANTY v. TORMAX TECHNOLOGIES**

19. The Plaintiff, Jane Larcom repeats and realleges each of the allegations of paragraphs 1 through 18 hereof, and incorporates same as part of this count.

20. As a direct, proximate and foreseeable result of the Defendant, Tormax Technologies breach of implied warranty in the said accident on July 31, 2020, the Plaintiff, Jane Larcom suffered, continues to suffer, and will suffer in the future, personal injuries causing her to endure continued medical care and treatment, emotional and physical pain and suffering, medical expenses; and loss of enjoyment of life.

THE LAW OFFICES OF
BARRY FEINSTEIN
& AFFILIATES, P.C.
100 LOWELL STREET
P.O. BOX 6049
PEABODY, MA 01961-6049

(978) 531-7450

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Tormax Technologies in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including costs of this action, a reasonable attorney's fee and such other relief as this Court may deem just.

## COUNT VII NEGLIGENCE vs. DAYTON HUDSON CORPORATION c/o TARGET CORPORATION

21. The Plaintiff, Jane Larcom repeats and realleges each of the allegations of paragraphs 1 through 20 hereof, and incorporates same as part of this count.

22. At all times relevant to this Complaint, including on July 31, 2020 the Defendant, Dayton Hudson Corporation c/o Target owned controlled, managed and was legally responsible for the condition of the property located at 230 Independence Way, Danvers, Essex County, Massachusetts ("the PREMISES").

23. At all times relevant to this Complaint, including on July 31, 2020, the Plaintiff, Jane Larcom was in the exercise of all due care to ensure her safety and the safety of others.

24. As a direct and proximate result of the Defendant, Dayton Hudson Corporation c/o Target's negligence the plaintiff, Jane Larcom suffered, continued to suffer and will suffer in the future, personal injuries causing her to endure continued medical care and treatment and emotional and physical pain and suffering, out-of-pocket expenses, including, but not limited to, medical expenses and loss of enjoyment of life.

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Dayton Hudson Corporation c/o Target in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including costs of this action, a reasonable attorney's fee and such other relief as this Court may deem just.

## COUNT VIII BREACH OF EXPRESS WARRANTY v. DAYTON HUDSON CORPORATION c/o TARGET CORPORATION

25. The Plaintiff, Jane Larcom repeats and realleges each of the allegations of paragraphs 1 through 24 hereof, and incorporates same as part of this count.

THE LAW OFFICES OF
BARRY FEINSTEIN
& AFFILIATES, P.C.
100 LOWELL STREET
P.O. BOX 6049
PEABODY, MA 01961-6049

(978) 531-7450

3/5/2021 12:00:00 AM          302057987680001          5120210305075640

26. As a direct, proximate and foreseeable result of the Defendant, Dayton Hudson Corporation c/o Target Corporation breach of express warranty in the said accident on July 31, 2020, the Plaintiff, Jane Larcom suffered, continues to suffer, and will suffer in the future, personal injuries causing her to endure continued medical care and treatment, emotional and physical pain and suffering, medical expenses; and loss of enjoyment of life.

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Dayton Hudson Corporation c/o Target Corporation in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including costs of this action, a reasonable attorney's fee and such other relief as this Court may deem just.

## COUNT IX BREACH OF IMPLIED WARRANTY v. DAYTON HUDSON CORPORATION c/o TARGET CORPORATION

27. The Plaintiff, Jane Larcom repeats and realleges each of the allegations of paragraphs 1 through 26 hereof, and incorporates same as part of this count.

28. As a direct, proximate and foreseeable result of the Defendant, Dayton Hudson Corporation c/o Target Corporation breach of implied warranty in the said accident on July 31, 2020, the Plaintiff, Jane Larcom suffered, continues to suffer, and will suffer in the future, personal injuries causing her to endure continued medical care and treatment, emotional and physical pain and suffering, medical expenses; and loss of enjoyment of life.

**WHEREFORE,** the plaintiff, Jane Larcom demands that that this Court enter judgement in her favor against the defendant, Dayton Hudson Corporation c/o Target Corporation in a sum which fairly and adequately compensates for the plaintiff's injuries and damages, including costs of this action, a reasonable attorney's fee and such other relief as this Court may deem just.

## COUNT X

29. The Plaintiff, Jane Larcom reiterates and repeats paragraph numbers 1 through 28 herein as if expressly set forth in their entirety.

30. The Defendant, Sedgwick Claims Management Services, Inc. is a business entity as defined by Massachusetts General Laws Chapter 93A and 176D.

6

THE LAW OFFICES OF
BARRY FEINSTEIN
& AFFILIATES, P.C.
100 LOWELL STREET
P.O. BOX 6049
PEABODY, MA 01961-6049

(978) 531-7450

31. On December 14, 2020 the Plaintiff, Jane Larcom forwarded to the defendant Sedgwick Claims Management Services, Inc a demand letter pursuant to Massachusetts General Laws Chapter 93A and 176D (See exhibit "A" attached hereto.)

32. The Defendant, Sedgwick Claims Management Services, Inc's failure to adequately and properly respond with a tender of a reasonable settlement offer constitutes bad faith and unfair and deceptive settlement practice.

WHEREFORE, the Plaintiff, Jane Larcom demands judgment against the Defendant, Sedgwick Claims Management Services, Inc in a sum to make the Plaintiff, Jane Larcom substantially whole including double or treble damages and attorney's fees in accordance to Massachusetts General Laws chapter 93A, plus interest and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS AND CLAIMS.**

The Plaintiff, Jane Larcom
by her Attorney,

Barry A. Feinstein, (B.B.O. #161620)
THE LAW OFFICES OF
BARRY FEINSTEIN & AFFILIATES, P.C.
100 Lowell Street
P. O. Box 6049
Peabody, MA 01961-6049
978) 531-7450

7

FILED
ESSEX SUPERIOR COURT
2021 FEB 16 P 2: 05

THE LAW OFFICES OF
BARRY FEINSTEIN
& AFFILIATES, P.C.
100 LOWELL STREET
P.O. BOX 6049
PEABODY, MA 01961-6049

(978) 531-7450

3/5/2021 12:00:00 AM     30205798768001     5120210305075640

**The Law offices of Barry Feinstein* And Affiliates* P.C.**

FOR OVER 25 YEARS FIGHTING
THE BIG INSURANCE COMPANIES

December 14, 2020

Sedgwick CMS
P.O. Box 14436
Lexington, KY 40512-4436

Attention: Davon Kent, Claims Adjuster

RE: My Client: Jane Larcom
Your Insured: Dollar Tree Stores
Date of Incident: July 31, 2020
Your Claim #: 30205798768-0001

Dear Mr. Kent:

Enclosed please find the following with respect to the above-mentioned matter:

1. Report from Cataldo Ambulance dated July 31, 2020;

2. Bill from Cataldo Ambulance in the amount of $2,345.00;

3. Records from Beverly Hospital dated July 31, 2020 through August 2, 2020;

4. Bills from Lahey Hospital & Medical Center totaling $13,580.32;

5. Records from Lahey Hospital for Lahey Health at Home dated through September 16, 2020;

6. Bills from Lahey Hospital & Medical Center (bills for Lahey Health at Home) totaling $1,785.24

7. Photographs of Ms. Larcom's injuries.

8. Danvers Police Report.

To recount the circumstances of this matter:

On Friday, July 31, 2020, at approximately 3:30 p.m., Ms. Larcom entered Dollar Tree Store #02036 located at 230 Independence Way Danvers, MA when the right hand side of the automated door malfunctioned and closed on her several times causing her walker to get separated from her and she fell head first inside the doorway.

Enclosed please find photographs depicting where Ms. Larcom fell.

Sedgwick CMS
December 14, 2020
Page 2.

**It should be noted that the store manager Matthew Currivan was well aware of this unfortunate incident.**

Further you will note Ms. Larcom's friend Tammy Garceau indicated to my office that she pulled up to the curb in front of the store to let Ms. Larcom out of the car, she got Ms. Larcom's walker and made sure she was okay and stable. Ms. Garceau then entered her car and pulled into a parking space near the front of the store, when she exited her vehicle <u>**and approached the door, she observed Ms. Larcom down on the ground and the doors were still active which closed on Ms. Larcom's lower legs and feet and she was on the carpet inside the door.**</u>

I would like to draw your attention to the report from Cataldo Ambulance which states "Pt. found sitting on floor of doorway to the Dollar Tree Store, C&A Pt A&O x4. Pt. did not ambulate on scene due to c-spine precautions. Pt. appeared be in acute distress. Pt. stated she was entering the store when the automatic sliding doors closed on her and when she freed herself from the doors she fell to the floor. Pt. stated she fell to her knees and then struck her face on the floor. Pt. had a hematoma, contusion, and abrasion on forehead. Pt. had an abrasion and swelling on the bridge of her nose. Pt. complained of 9/10 head/face pain. Pt. complained of bilateral knee pain, cold pack applied to both knees. Pt. had an abrasion on her left dorsal hand. Pt. denied LOC. Pt. negative for blood thinners. Pt. denied nausea and blurred vision. Pt. denied neck and back pain; c-collar applied on scene. Pt. complained of shortness of breath while enroute to the hospital: EMS coached Pt with slow deep breaths which remedied the SOB. **Pt. complained of dizziness upon arrival at the hospital.** Pt. vitals BP 190/100 HR: 114 RR 17 02 sat 96% RA. Pt. skin pink, warm and dry. Pt. calm and cooperative on scene and for duration of transport."

Liability in this instance clearly rests on the shoulders of your insured.

You will note by the enclosed, Ms. Larcom sustained **a head injury, hematoma and abrasion on her forehead, fractured nose, severe facial abrasions and bruising and abrasions to her hands and both knees.**

I would like to draw your attention to the Emergency Room records wherein they state "91-year-old female presenting to the emergency department after mechanical fall. She has ecchymosis and abrasion to the right forehead and nasal bridge with no septal hematoma, no neurological deficits, no C,T or L-spine tenderness bruising or step-offs. C-collar is in place. CT without intracranial hemorrhage or C-spine fracture. There is no other facial injuries, no midface tenderness or instability suggestive or orbital wall fracture, maxillary or mandibular fracture."

Sedgwick CMS
December 14, 2020
Page 3.

"CT Head WO Contrast Clinical History: "Fall, hit head with abrasion in hematoma to forehead COMPARISON: Comparison study is dated 07/13/2020. TECHNIQUE: Thin section axial images through the head were performed. Coronal reconstructions were also obtained. To my knowledge the head CT was performed within 24 hours of the patient's arrival. FINDINGS: Ventricles, sulci and cisterns, Ventricles and sulci are prominent, representing age-related tissue loss. Cerebral and cerebellar parenchyma, brainstem: There is no intracerebral hemorrhage or acute large vessel territorial infarct. There is stable mild confluent periventricular and subcortical white matter low attenuation, a nonspecific finding, most likely sequela of small-vessel ischemic disease given the patient's age. There is no mass effect, or midline shift. Extra-axial spaces: There is no abnormal extra-axial fluid. Vascular: Atherosclerotic calcifications of the cavernous internal carotid arteries are noted. Bones/paranasal sinuses/soft tissues. Right frontal subgaleal hematoma is noted. There are bilateral mildly displaced nasal bone fractures, associated with overlying soft tissue swelling. No displaced calvarial fractures seen. Bony nasal septal deviation to the left associated with bony spur noted. Imaged paranasal sinuses and mastoid air cells are aerated. Images paranasal sinuses and mastoid air cells are aerated. Globes: Patient is status post bilateral lens implants: IMPRESSION: No evidence of acute intracranial hemorrhage – **Right frontal subgaleal hematoma without displaced calvarial fracture. Mildly displaced bilateral nasal fractures associated with overlying soft tissue swelling."**

I would like to direct your attention to the ED Triage notes wherein they state "Pt BIBA, per ems pt. was at a store when the doors closed on her and she was knocked over. Pt. reports hitting her head. Pt. noted to have a hematoma to her forehead.

You will note that Ms. Larcom incurred approximately $17,710.56 in medical bills. **Her treatment included an inpatient hospitalization.**

**As you know, Ms. Larcom will be left with ongoing problems for the quality of her life, compounded by the potential future arthritic issues.**

Ms. Larcom 91 years old. According to the U.S. Life Charts, she is expected to live approximately another 5 years and *this incident has destroyed any quality of life for her remaining years.*

Considering the severity of the injuries sustained, and the medical charges incurred, claim is hereby made in the amount of $225,000.00 as full and final settlement of this claim.

I hereby make formal demand on Sedgwick Claims Management Services, Inc. for relief of damages for my client, Jane Larcom pursuant to the Massachusetts General Laws Chapters 93A and 176D. You are further notified that Massachusetts General Laws Chapter 93A provides for multiple damages, attorney's fees and the cost of litigation. Because the Statute requires that a demand letter such as this be sent prior to initiating suit on behalf of the Consumer Plaintiff, I am writing to offer you the opportunity to present my client within thirty days of receipt, with a prompt, fair and equitable settlement offer.

Sedgwick CMS
December 14, 2020
Page 4.

Kindly contact me upon your review of the enclosed so that we may discuss the disposition of this matter.

I will await your return.

Very truly yours,

THE LAW OFFICES OF
BARRY FEINSTEIN & AFFILIATES, P.C.

Barry A. Feinstein, Esquire

BAF/ts
Encs.
Certified Mail # 7019 2280 0001 7391 3829

## COMMONWEALTH OF MASSACHUSETTS

Essex , ss.   ESSEX SUPERIOR COURT
C. A. No.

JANE LARCOM

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,
TORMAX TECHNOLOGIES, DAYTON HUDSON CORPORATION
c/o TARGET CORPORATION and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

### CERTIFICATION OF COMPLIANCE WITH RULE 5 OF THE UNIFORM RULES ON DISPUTE RESOLUTION

I, Barry A. Feinstein, attorney for the Plaintiff, Jane Larcom in accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part:

> .Attorney shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent...,

I hereby certify that I have complied with this requirement by notifying my client(s) and the insurer of the options for alternate dispute resolution.

_____
Barry A. Feinstein (BBO #161620)
THE LAW OFFICES OF
BARRY FEINSTEIN & AFFILIATES, P.C.
100 Lowell Street
P.O. Box 6049
Peabody, MA 01961-6049

THE LAW OFFICES OF
BARRY FEINSTEIN
& AFFILIATES, P.C.
100 LOWELL STREET
P.O. BOX 6049
PEABODY, MA 01961-6049

(978) 531-7450

3/5/2021 12:00:00 AM　　　　302057987680001　　　　5120210305075640

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Jane Larcom<br>ADDRESS: 105 Cherry Hill Drive<br>Beverly, MA 01915 | | COUNTY Essex |
| | | DEFENDANT(S): Dollar Tree Stores, Inc. Tormax Technologies, Dayton Hudson Corporation c/o Target Corp. and Sedgwick Claims Management |
| ATTORNEY: Barry A. Feinstein<br>ADDRESS: 100 Lowell Street<br>Peabody, MA 01960 | | ADDRESS: 230 Independence Way, Danvers, MA<br>12859 Westmore Rd. San Antonio, TX. P.O. Box 9456 Minneapolis, MN. P.O. Box 14436 Lexington, KY |
| BBO: | | |

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (see reverse side) | | |
|---|---|---|---|
| B03 | TYPE OF ACTION (specify): Personal Injury | TRACK: F | HAS A JURY CLAIM BEEN MADE? [x] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? [X] YES [ ] NO

Is this a class action under Mass. R. Civ. P. 23? [ ] YES [x] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ...........
2. Total doctor expenses ........... $13,580.32
3. Total chiropractic expenses ........... $
4. Total physical therapy expenses ........... $
5. Total other expenses (describe below) Cataldo Ambulance & Lahey Health at Home ........... $4,130.24
   Subtotal (A): $17,710.56
B. Documented lost wages and compensation to date ........... $
C. Documented property damages to date ........... $
D. Reasonably anticipated future medical and hospital expenses ........... $
E. Reasonably anticipated lost wages ........... $
F. Other documented items of damages (describe below) ........... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Head injury, hematoma and abrasion on forehead, fractured nose, severe facial abrasions and bruising and abrasions to hands and both knees. TOTAL (A-F): $

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X
Date:
RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/
Date: 2/10/2021

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

.........................................................................................................., Plaintiff(s)

v.

.........................................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon _____,

plaintiff's attorney, whose address is _____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                        , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.



7019 2280 0001 7391 3256




Sedgwick CMS
P.O. Box 14436
Lexington, KY 40512-4436

3/5/2021 12:00:00 AM          30205798768001          5120210305075640